UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CASHEEM RICHARDSON,                             :
                                                :           14CV1356(PGG)
                        Plaintiff,              :
                                                :
        - against -                             :           COMPLAINT AND
                                                :           DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, ANTHONY                   :
DISIMONE, and "JOHN DOE" #1-3,                  :           ECF CASE
Individually and in Their Official Capacities,  :
                                                :
                        Defendants              :
------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Casheem Richardson by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Plaintiff Casheem Richardson is a citizen of the United States who was seated in the rear seat of a parked motor vehicle in front of 1150 Garrison Avenue, Bronx, New York, on December 7, 2012, when defendant Anthony Disimone and other New York City police officers approached the vehicle with firearms drawn, pulled the plaintiff out of the vehicle, arrested, the plaintiff on false charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana, handcuffed and searched the plaintiff, transported the plaintiff to the 41st Precinct and subjected the plaintiff to a strip search. The plaintiff was subsequently transported to Bronx Central Booking, where he was imprisoned until his arraignment on December 8, 2012, when

the charges against him were dismissed and he was released.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Casheem Richardson's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution..

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Anthony Disimone can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Casheem Richardson is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Anthony Disimone is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Anthony Disimone was acting within the scope of his employment by defendant The City of New York.

11. Defendants "John Doe" #1-3 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

12. At all times relevant herein, defendants "John Doe" #1-3 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On December 10, 2013, plaintiff Casheem Richardson served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. Plaintiff Casheem Richardson's motion to extend his time to file a Notice of Claim for his claims herein was granted by an order of New York State Supreme Court Justice Mitchell J. Danziger dated January 2, 2014, which deemed the plaintiff's Notice of Claim to have been timely filed *nunc pro tunc*.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On December 7, 2012, at approximately 6:00 p.m., plaintiff Casheem Richardson was a passenger in the rear seat of a motor vehicle which was parked in front of 1150 Garrison Avenue, in the County of the Bronx, City and State of New York.

18. On December 7, 2012, at approximately 6:00 p.m., defendants Anthony Disimone and "John Doe" #1-3 approached the vehicle in which plaintiff Casheem Richardson was seated with guns drawn.

19. One of the individual defendants pulled plaintiff Casheem Richardson out of the vehicle.

20. One of the individual defendants violently pushed plaintiff Casheem Richardson against the vehicle, handcuffed the plaintiff and subjected him to a pat-down search.

21. One of the individual defendants then handcuffed plaintiff Casheem Richardson.

22. Defendants Anthony Disimone and "John Doe" #1-3 arrested plaintiff Casheem Richardson on charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

23. No marijuana was found on the person of plaintiff Casheem Richardson.

24. Plaintiff Casheem Richardson was not in possession of any marijuana.

25. The charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana were false.

26. Defendants Anthony Disimone and "John Doe" #1-3 did not have a warrant or other legal process authorizing the arrest of plaintiff Casheem Richardson.

27. Plaintiff Casheem Richardson was then placed in a police vehicle and transported to the 41st Precinct, where he was imprisoned for a period of time.

28. At the 41st Precinct, one of the individual defendants conducted plaintiff Casheem Richardson to a room in the precinct and required the plaintiff to remove all his clothing, to squat, to cough and to spread his buttocks.

29. One of the individual defendants removed the sum of $1,500.00 from plaintiff Casheem Richardson and delivered to the plaintiff a Property Clerk voucher for the sum of $1,009.00.

30. Plaintiff Casheem Richardson was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

31. On information and belief, on December 7 or December 8, 2012, defendant Anthony Disimone falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Casheem Richardson had possessed a quantity of marijuana.

32. On December 8, 2012, defendant Anthony Disimone instituted a criminal proceeding against plaintiff Casheem Richardson, under the name Casheen Richardson, in the Criminal Court of the City of New York, County of Bronx, under Docket No. 2012BX069795, accusing the plaintiff of the crime of Criminal Possession of Marijuana in the Fifth Degree and the violation of Unlawful Possession of Marijuana.

33. On December 8, 2012, plaintiff Casheem Richardson was arraigned before a judge in the Criminal Court of the City of New York, County of Bronx, the charges against him were dismissed, and he was released from custody.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this complaint as though the same were set forth fully herein.

35. The seizure, arrest, and imprisonment of plaintiff Casheem Richardson by defendants Anthony Disimone and "John Doe" #1-3 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

36. The seizure, arrest, and imprisonment of plaintiff Casheem Richardson were made without probable cause to believe that he had committed a crime or offense.

37. The charges upon which defendants Anthony Disimone and "John Doe" #1-3 arrested plaintiff Casheem Richardson were false.

38. The charges were made by defendants Anthony Disimone and "John Doe" #1-3 against plaintiff Casheem Richardson with knowledge that they were false.

39. Plaintiff Casheem Richardson was aware of his seizure, arrest and imprisonment by defendants Anthony Disimone and "John Doe" #1-3.

40. Plaintiff Casheem Richardson did not consent to his seizure, arrest or imprisonment.

41. As a result of the foregoing, plaintiff Casheem Richardson was deprived of his liberty, was imprisoned, was subjected to emotional and physical distress, and suffered anxiety, embarrassment and humiliation.

42. The seizure, arrest and imprisonment of plaintiff Casheem Richardson deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

43. Defendants Anthony Disimone and "John Doe" #1-3 were acting under color of state law when they seized, arrested and imprisoned plaintiff Casheem Richardson.

44. Defendants Anthony Disimone and "John Doe" #1-3 deprived plaintiff Casheem Richardson of his rights to be secure in his person and to be free of unreasonable searches and

seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning him on false criminal charges.

## COUNT TWO
## STRIP SEARCH UNDER 42 U.S.C. §1983

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this complaint as though the same were set forth fully herein.

46. Defendants Anthony Disimone and "John Doe" #1-3 lacked a factual basis to support a reasonable suspicion that plaintiff Casheem Richardson had either a weapon or contraband concealed on his body.

47. The strip search of plaintiff Casheem Richardson conducted at the 41st Precinct deprived plaintiff Casheem Richardson of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

48. Plaintiff Casheem Richardson suffered anxiety, embarrassment and humiliation as a result of the strip search conducted by the individual defendants.

49. Defendants Anthony Disimone and "John Doe" #1-3 were acting under color of state law when they subjected plaintiff Casheem Richardson to a strip search at the 41st Precinct.

50. Defendants Anthony Disimone and "John Doe" #1-3 deprived plaintiff Casheem Richardson of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by subjecting plaintiff Casheem Richardson to a strip search at the 41st Precinct.

## COUNT THREE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

51. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though the same were set forth fully herein.

52. The criminal charges brought by defendant Anthony Disimone against plaintiff Casheem Richardson in the Criminal Court of the City of New York, County of Bronx, were false.

53. Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Casheem Richardson with knowledge that the charges were false.

54. Defendant Anthony Disimone instituted the criminal proceeding against plaintiff Casheem Richardson without probable cause to believe that plaintiff Casheem Richardson had committed the crime and offense charged.

55. Defendant Anthony Disimone was acting with malice when he commenced the criminal proceeding against plaintiff Casheem Richardson.

56. The criminal proceeding instituted by defendant Anthony Disimone against plaintiff Casheem Richardson was terminated in plaintiff Casheem Richardson's favor.

57. Defendant Anthony Disimone was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Casheem Richardson had been in possession of marijuana.

58. Defendant Anthony Disimone was acting under color of state law when he commenced a criminal proceeding against plaintiff Casheem Richardson in the Criminal Court of the City of New York, County of Bronx.

59. Defendant Anthony Disimone deprived plaintiff Casheem Richardson of his right to be secure in his person from unreasonable searches and seizures guaranteed by the Fourth

Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Casheem Richardson on false charges

60. Defendant Anthony Disimone deprived plaintiff Casheem Richardson of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Casheem Richardson on false charges.

61. As a result of the criminal proceeding instituted by defendant Anthony Disimone, plaintiff Casheem Richardson suffered anxiety and emotional and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

62. Plaintiff incorporates by reference paragraphs 1 through 61 of this Complaint as though the same were set forth fully herein.

63. The seizure, arrest and imprisonment of plaintiff Casheem Richardson were carried out by defendants Anthony Disimone and "John Doe" #1-3 in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

64. The seizure, arrest and imprisonment of plaintiff Casheem Richardson were carried out by defendants Anthony Disimone and "John Doe" #1-3 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York

and the New York City Police Department, all under the supervision of ranking officers of said department.

65. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

66. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

67. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

68. The seizure, arrest and imprisonment of plaintiff Casheem Richardson on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

69. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

70. Defendant The City of New York deprived plaintiff Casheem Richardson of his rights to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

71. The aforesaid conduct of defendant The City of New York violated plaintiff Casheem Richardson's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. Defendant The City of New York has implemented, adopted, encouraged and/or sanctioned a policy, practice and/or custom of routinely performing strip searches of individuals

arrested for minor offenses in the precinct of arrest in violation of the Fourth Amendment of the Constitution of the United States.

74. The strip search of plaintiff Casheem Richardson at the 41st Precinct resulted from the policy, practice and/or custom of routinely performing strip searches of individuals arrested for minor offenses implemented, adopted, encouraged and/or sanctioned by defendant The City of New York.

75. Defendant The City of New York was acting under color of state law when it implemented, adopted, encouraged and/or sanctioned a policy, custom or practice for police officers to routinely perform strip searches of individuals arrested for minor offenses in the precinct of arrest.

76. Defendant The City of New York deprived plaintiff Casheem Richardson of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by implementing, adopting, encouraging and/or sanctioning a policy, practice or custom of routinely performing strip searches of individuals arrested for minor offenses in the precinct of arrest.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

77. Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Anthony Disimone and "John Doe" #1-3 were unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

79. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these and other officers.

80. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

81. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of the plaintiff would be violated.

82. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Casheem Richardson.

83. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

84. Defendant The City of New York deprived plaintiff Casheem Richardson of his rights to be secure in his person and to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVEN
## COMMON LAW ASSAULT AND BATTERY

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. Defendants Anthony Disimone, "John Doe" #1-3 and the City of New York committed an assault and battery on the person of plaintiff Casheem Richardson by pulling him out of the vehicle in which he was seated, violently pushing him against the vehicle, handcuffing him and subjecting him to a pat-down search.

87. As a result of the foregoing, plaintiff Casheem Richardson was injured.

88. As a result of the foregoing, plaintiff Casheem Richardson experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT
## COMMON LAW FALSE IMPRISONMENT

89. Plaintiff incorporates by reference paragraphs 1 through 88 of this Complaint as though the same were set forth fully herein.

90. Defendants Anthony Disimone, "John Doe" #1-3 and The City of New York falsely imprisoned plaintiff Casheem Richardson by seizing, arresting and imprisoning him on false charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

91. As a result of the foregoing, plaintiff Casheem Richardson was deprived of his liberty, was imprisoned, was subjected to emotional and physical distress, and suffered anxiety, embarrassment and humiliation.

## COUNT NINE
## COMMON LAW MALICIOUS PROSECUTION

92. Plaintiff incorporates by reference paragraphs 1 through 91 of this complaint as

though the same were set forth fully herein.

93. Defendants Anthony Disimone and The City of New York maliciously prosecuted plaintiff Casheem Richardson on false charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

94. As a result of the criminal proceeding instituted by defendants Anthony Disimone and The City of New York, plaintiff Casheem Richardson suffered anxiety and emotional and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Casheem Richardson respectfully requests that this Court grant the following relief:

A. Award plaintiff Casheem Richardson compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Casheem Richardson punitive damages to be determined by the jury at the time of trial;

C. Award plaintiff Casheem Richardson reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       February 27, 2014

MICHELSTEIN & ASSOCIATES, PLLC

By: /s/ *[signature]*
Steven D. Michelstein (SM3323)
Attorneys for Plaintiffs
485 Madison Avenue - Suite 1300
New York, New York 10022
Email: malaw485@yahoo.com
(212) 588-0880